UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| HILDA L. SOLIS, Secretary of Labor, United States Department of Labor, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| | ) CIVIL ACTION |
| NORTHRIDGE CUSTOM HOMES, LLC d/b/a NORTHRIDGE CUSTOM FRAMING, a Corporation; 1155 MONTAUK HIGHWAY CORP. d/b/a THE NORTHRIDGE GROUP, a Corporation; TIMOTHY KAYWOOD, Individually; MICHEAL MANUSELIS, Individually; KIRK CARBONE, Individually; and DARREN PIERCEY, Individually, | ) ) ) NO. 2:10-CV-1743 ) ) ) ) ) ) ) |
| Defendants. | ) |

## **COMPLAINT**

Plaintiff, Hilda L. Solis, Secretary of Labor, United States Department of Labor, brings this action to enjoin the Defendants Northridge Custom Homes, LLC d/b/a Northridge Custom Framing, 1155 Montauk Highway Corp. d/b/a The Northridge Group, Timothy Kaywood, Micheal Manuselis, Kirk Carbone, and Darren Piercey, and their officers, agents, servants, employees, and all persons in active concert or participation with them from violating the provisions of Sections 6, 7, 11(c), 15(a)(2), and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended , 29 U.S.C. §201, *et seq.*, hereinafter referred to as the Act, and to restrain Defendants from withholding payment of minimum wage and or overtime compensation found by the Court to be due employees under the Act and an equal amount as liquidated damages due to the employees who are named in the attached Exhibit A.

I.

Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the Act, 29 U.S.C. §§ 216 and 217, and 28 U.S.C. §§ 1331 and 1345.

II.

1.Defendant, Northridge Custom Homes, LLC d/b/a Northridge Custom Framing is now, and at all times hereinafter mentioned was, a corporation with a place of business and doing business at, 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish) within the jurisdiction of this Court.

2.Defendant, 1155 Montauk Highway Corp. d/b/a The Northridge Group, is now, and at all times hereinafter mentioned was, a corporation incorporated in the state of New York.

3.Defendant, Timothy Kaywood is now, and at all times hereinafter mentioned was, an individual with a place of business and doing business at, 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish), within the jurisdiction of this Court, where Timothy Kaywood is and at all times hereinafter mentioned was, President and Owner of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing and Owner of Defendant 1155 Montauk Highway Corp. d/b/a The Northridge Group.  Timothy Kaywood actively manages, supervises and directs the business affairs and operations of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing.  Timothy Kaywood acts and has acted, directly and indirectly, in the interest of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing in relation to its employees and is an employer of these employees within the meaning of the Act.

4.      Defendant, Micheal Manuselis is now, and at all times hereinafter mentioned was, an individual with a place of business and doing business at, 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish), within the jurisdiction of this Court.  Micheal Manuselis actively manages, supervises and directs the employees of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing.  Micheal Manuselis acts and has acted, directly and indirectly, in the interest of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing in relation to its employees and is an employer of these employees within the meaning of the Act.

5.      Defendant, Kirk Carbone is now, and at all times hereinafter mentioned was, an individual with a place of business and doing business at, 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish), within the jurisdiction of this Court.  Kirk Carbone actively manages, supervises and directs the employees of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing.  Kirk Carbone acts and has acted, directly and indirectly, in the interest of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing in relation to its employees and is an employer of these employees within the meaning of the Act.

6.      Defendant, Darren Piercey is now, and at all times hereinafter mentioned was, an individual with a place of business and doing business at, 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish), within the jurisdiction of this Court.  Darren Piercey actively manages, supervises and directs the employees of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing.  Darren Piercey acts and has acted, directly and indirectly, in

the interest of Defendant Northridge Custom Homes, LLC d/b/a Northridge Custom Framing in relation to its employees and is an employer of these employees within the meaning of the Act.

III.

At all times hereinafter mentioned, Defendants Northridge Custom Homes, LLC d/b/a Northridge Custom Framing, and 1155 Montauk Highway Corp. d/b/a The Northridge Group have been an enterprise within the meaning of Section 3(r) of the Act, 29 U.S.C. § 203(r), in that Defendants Northridge Custom Homes, LLC d/b/a Northridge Custom Framing and 1155 Montauk Highway Corp. d/b/a The Northridge Group have been, through unified operation or common control, engaged in the performance of related activities for a common business purpose.

IV.

At all times hereinafter mentioned, Defendants Northridge Custom Homes, LLC d/b/a Northridge Custom Framing, and 1155 Montauk Highway Corp. d/b/a The Northridge Group have been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the Act, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

V.

During the period since May 14, 2007, Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206 and 215(a)(2), by paying employees employed in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act at rates less than the minimum hourly rates required by Section 6 of the Act.

VI.

During the period since May 14, 2007, Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§ 207 and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the Act for workweeks longer than forty hours without compensating such employees for their employment in excess of forty hours per week at rates not less than one and one-half times the regular rates at which they were employed.

VII.

Defendants have willfully violated the Act.  A judgment enjoining the alleged violations and restraining the withholding of minimum wages and/or overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

VIII.

During the period since May 14, 2007, Defendants violated the provisions of Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), in that defendants have failed to make, keep and preserve adequate and accurate records of their employees and of the wages,

hours, and other conditions and practices of employment maintained by them as prescribed by the regulations of the Administrator issued pursuant to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§ 211(c) and 215(a)(5), and found in Title 29, Chapter VI, Code of Federal Regulations, Part 516 in that their records failed to show, among other things, the hours worked each day and the total hours worked each week by many of their employees.

IX.

As a result of the violations of the Act, minimum wages and overtime has been unlawfully withheld by Defendants from their employees located at 4838 Magazine Street, New Orleans, LA 70115 (Orleans Parish). A judgment enjoining the alleged violations and restraining the withholding of minimum wage and overtime compensation found to be due the employees is specifically authorized by Section 17 of the Act, 29 U.S.C. § 217.

X.

WHEREFORE, cause having been shown, Plaintiff prays for judgment against Defendants Northridge Custom Homes, LLC d/b/a Northridge Custom Framing, 1155 Montauk Highway Corp. d/b/a The Northridge Group, Timothy Kaywood, Micheal Manuselis, Kirk Carbone, and Darren Piercey:

1. For an Order pursuant to Section 17 of the Act permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with Defendants, from violating Sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Act;

2. For an Order pursuant to Section 16(c) of the Act finding Defendants liable for

unpaid minimum wages and overtime compensation due to Defendants' employees and for the liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A (additional liquidated damages may be owed to certain employees presently unknown to Plaintiff for the period covered by this Complaint); or in the event liquidated damages are not awarded;

      3.      For an Order pursuant to Section 17 enjoining and restraining Defendants from withholding payment of unpaid minimum wages and overtime compensation found due Defendants' employees and pre-judgment interest computed at the underpayment rate established by the Secretary of Treasury pursuant to 26 U.S.C. § 6621;

      4.      For an Order awarding Plaintiff the costs of this action; and

      5.      For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully Submitted,

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour

By:

/s/ Elizabeth M. Kruse
ELIZABETH M. KRUSE
Trial Attorney
TX Bar No. 2407008

U.S. Department of Labor
Office of the Solicitor
525 Griffin Street, Suite 501
Dallas, TX  75202
(972) 850-3100
(972) 850-3101-fax

Attorneys for Plaintiff