UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

HILDA L. SOLIS, Secretary of )
Labor, United States Department )
of Labor, )
                                                )
              Plaintiff, )
                                                )
v. )
                                                )       CIVIL ACTION
NORTHRIDGE CUSTOM HOMES, LLC )
d/b/a NORTHRIDGE CUSTOM FRAMING, )
a Corporation; 1155 MONTAUK HIGHWAY )      NO.  2:10-CV-1743
CORP. d/b/a THE NORTHRIDGE GROUP, )
a Corporation; TIMOTHY KAYWOOD, )      Section A
Individually; MICHAEL MANUSELIS, )
Individually; KIRK CARBONE, Individually; )      Magistrate 5
and DARREN PIERCEY, Individually, )
                                                )
              Defendants. )

### CONSENT JUDGMENT

Plaintiff has filed her complaint and defendants without admitting they have violated any

provision of the Fair Labor Standards Act of 1938 have agreed to the entry of judgment without

contest.  It is, therefore, upon motion of the plaintiff and for cause shown,

ORDERED defendants, their officers, agents, servants, employees and all persons in

active concert or participation with them be permanently enjoined from violating the provisions

of sections 6, 7, 11(c), 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as

amended, 29 U.S.C. § 201, et seq., hereinafter referred to as the Act, in any of the following

manners:

1.  Defendants shall not, contrary to Sections 6 and 15(a)(2) of the Act, 29 U.S.C. §§ 206

and 215(a)(2), pay any employee who is engaged in commerce or in the production of goods for

commerce, or who is employed in an enterprise engaged in commerce or in the production of

goods for commerce, within the meaning of the Act, wages at a rate less the minimum hourly rates required by Section 6 of the Act.

2. Defendants shall not, contrary to sections 7 and 15(a)(2) of the Act, 29 U.S.C. §§207 and 215(a)(2) employ any employee in commerce or in the production of goods for commerce, or in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of the Act, for workweeks longer than forty (40) hours, unless the employee receives compensation for his or her employment in excess of forty (40) hours at a rate not less than one and one-half times the regular rate at which he or she is employed.

3. Defendants shall not, contrary to Sections 11(c) and 15(a)(5) of the Act, 29 U.S.C. §§211(c) and 215(a)(5), fail to make, keep and preserve accurate records of the persons employed by them, and the wages paid, hours worked and other conditions and practices of employment prescribed by regulations issued by the Administrator of the Wage and Hour Division, United States Department of Labor (29 C.F.R. Part 516).

Defendant Kaywood is ordered to pay to plaintiff by May 7, 2012 minimum wage and overtime compensation in the total amount of $25,000, which the parties agree, and the court finds, is due under the Act to defendants' employees named in the attached Exhibit A for the period since June 6, 2007.

Defendant Kaywood is further enjoined from withholding liquidated damages in the amount of $20,000, plus interest computed at the rate of 1 percent, which is due to defendants' employees named in Exhibit "A" for the period since June 6, 2007. To comply with this provision, Defendant Kaywood shall deliver to the plaintiff six cashier's or certified checks payable to "Wage and Hour-Labor" mailed to U.S. DOL Wage Hour Division, Attn: Teronika Gaines, 525 Griffin, Suite 800, Dallas, Texas 75202 in the amounts and the times herein set

forth:

Payment of $3,343.06 in a total of 6 consecutive monthly installments.

The first installment is due and payable on June 1, 2012 and the remaining

installments will be due and payable on or before the same day of each

succeeding month.

Plaintiff shall make appropriate distribution of the unpaid compensation to the

employees, or their estate if necessary, less income tax and social security deductions.  In the

event that any of the money cannot be distributed within three (3) years hereof because of

inability to locate the proper person, or because of their refusal to accept, the money shall be

deposited with the U.S. Treasury.

In the event of default by Defendant Kaywood, the total balance shall then become due

and interest shall be assessed against the unpaid balance at the rate provided by 28 U.S.C. §1961

from the date of this judgment until the total amount is paid in full.

This order is not to be construed as ordering Defendant Manuselis to pay any amount to

plaintiff.

The right of defendants' employees not specifically named in Exhibit A to bring an action

under Section 16(b) of the Fair Labor Standards Act 29 U.S.C. §216(b), shall be restored and

neither the filing of this action nor the entry of this judgment shall bar an action and the statute

of limitations in such action shall be deemed tolled from June 6, 2007 to June 17, 2009.  The

parties agree the filing of this action and provisions of this judgment shall not be interpreted to

prejudice or preclude the rights of the Secretary of Labor, or any employees of defendants, in

any action filed by the Secretary of Labor, or by an employee, under the Act covering violations

alleged to have occurred after June 17, 2009.

Each party agrees to bear his or her own attorneys' fees, costs and other expenses in connection with any stage of this proceeding, including, but not limited to, attorneys' fees which may be available under the Equal Access to Justice Act, as amended.

Dated this 0th day of _____April_____, ____2012____.

UNITED STATES DISTRICT JUDGE

Respectfully Submitted:

Northridge Custom Framing, LLC
and 1155 Montauk Highway Corp.

_____
JOHN BUTLER
Attorney for NORTHRIDGE CUSTOM
FRAMING, LLC and 1155 MONTAUK
HIGHWAY CORP.


**Timothy Kaywood, Individually**

_____
TIMOTHY KAYWOOD, Individually
#31079


**Michael Manuselis, Individually**

X_____
MICHAEL MANUSELIS, Individually


Agreed to this 29ᵗʰ day of March, 2012.


HILDA L. SOLIS, Secretary of
Labor, United States Department
of Labor

M. PATRICIA SMITH
Solicitor of Labor

JAMES E. CULP
Regional Solicitor

MARGARET TERRY CRANFORD
Counsel for Wage and Hour


_____
ELIZABETH M. KRUSE
Trial Attorney
Texas Bar No. 2407008


Agreed to this 30ᵗʰ day of March, 2012.